IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| GRAY, INC., | ) | C.A. No. 6:09-751-HFF |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **(NON-JURY)** |
| | ) | |
| MICHAEL A. RIGG, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Gray, Inc., complaining of Defendant Michael A. Rigg, would respectfully allege and show the Court as follows:

**JURISDICTION AND VENUE**

1. Gray, Inc. ("Gray"), is a foreign corporation organized and existing under the laws of the State of Kentucky.

2. Defendant Michael A. Rigg ("Rigg") is a resident of the State of South Carolina.

3. This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332 as this matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the Greenville Division of the South Carolina District pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Greenville County.

5. According to the Noncompetition Agreement ("Agreement") entered into by the parties, Kentucky state law is the applicable law in interpreting the substantive matters. (See Exhibit A, attached).

**GENERAL ALLEGATIONS**

6. Gray incorporates herein by reference all of the preceding numbered paragraphs of the Complaint as though fully set forth herein.

7. On or about January 24, 2003, Gray and Rigg entered into a written Noncompetition Agreement whereby Rigg agreed, *inter alia*, that he would not disclose any confidential information of Gray's subsidiary, Operations Associates. Rigg also agreed that for a period of one year, he would not: (1) be employed by any business whose products or activities compete in whole or in part with those of Operations Associates; (2) induce any customer cease doing business with Operations Associates; (3) in any way interfere with the relationship between any customer, supplier, licensee or business relation of Operations Associates; (4) solicit the business of any person known by Rigg to be a customer of Operations Associates.

8. In July of 2008, within the Noncompete Period under the Agreement, Operations Associates became aware that Rigg was in breach of one or more of the above provisions.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

9. Gray incorporates herein by reference all of the preceding numbered paragraphs of the Complaint as though fully set forth herein.

10. Gray has performed and completed its obligations under the Agreement with Rigg.

11. Rigg has breached his contractual obligations to Gray in one or more of the manners listed above.

12. The breaches of the Agreement by Rigg are material, and as a direct and proximate result of those breaches, Operations Associates, and thereby Gray, have been damaged in an amount

in excess of $75,000 in actual and consequential damages, plus attorney's fees, costs, and interest, for which Gray hereby sues.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference)

13. Gray incorporates herein by reference all of the preceding numbered paragraphs of the Complaint as though fully set forth herein.

14. Rigg, by his actions listed above, among other things, improperly interfered with prospective contractual relations of Operations Associates as prohibited by Kentucky law.

15. Such interference with prospective contractual relations was intentional and done with malice and was wholly without justification.

16. As a direct and proximate result of Rigg's improper interference with prospective contractual relations of Operations Associates, Gray has been damaged in an amount in excess of $75,000 in actual and consequential damages, plus attorney's fees, costs, and interest, for which Gray hereby sues.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff requests the following relief against the Defendant, as follows:

1. For judgment against Rigg, in an amount of at least $75,000 for his breaches of contract and intentional interference with prospective contractual relations, plus interest, costs and attorney's fees; and

2. For such other relief as this Court may deem just and proper.

                                        Respectfully submitted,

                                        ELMORE & WALL, P.A.

                                        /s/Kimila L. Wooten
                                        Kimila L. Wooten (#5525)
                                        Post Office Box 1887
                                        Greenville, South Carolina 29602
                                        PH:     (864) 255-9500
                                        FAX:   (864) 255-9505
                                        kim.wooten@elmorewall.com
                                        ATTORNEYS FOR PLAINTIFF

March 24, 2009
Greenville, South Carolina